| | |
|---|---|
| State of S.C. | Memorandum of Law in support of Federal Habeas Corpus Application: |
| Anthony L. Brown | |
| Applicant | |
| vs. | |
| S.C.D.C. | Subject Matter Jurisdiction |
| Warden M. McCall | |

2013 SEP 23 PM 2:04

In Re: Motion To Dismiss Defective Indictments

It is applicant's proposition that these procedural errors by the state not complying with Rule 3[c] of the S.C. Rules of Criminal Procedural is a violation of his due-process procedural and substantive rights.

Rule 3[c] SCRCRIMP reads as follows: Action on warrant within 90 days after receipt of arrest warrant from clerk of court, the solicitor "shall" take action on the warrant by preparing an indictment for presentment to the grand jury, which indictment "shall" be filed with the clerk of court, assigned a criminal case number, and presented to the grand jury. However, these indictments does not display any imprint of ever being filed in the office of the clerk of court, pursuant to Rule 3[c] SCRCRIMP." <u>Thus Being Proceduraly Impugn"</u>

In as much, Rule 3[c] SCRCRIMP on it's face mandates that an (indictment) must be filed with the clerk of court. There is no S.C. case law on point with applicant's proposition that not filing the (indictments) is a jurisdiction defect, and on that (IPSO FACTO) this court can look to other jurisdictions for persuasive authority. See, <u>Ellis v. Oliver</u>, 335 S.C. 106, 515 S.E. 2d 268 (S.C. App. 1999) <u>Cothran v. Brown</u>, 350 S.C. 352, 566 S.E. 2D 548 (S.C. App. 2002.)

Therefore, with this legal framework firmly in place, it is applicant's proposition that the precedent case, <u>Sharp v. Johnson</u>, 107 F.3D at 290 (No.30) (5th cir. 1997), stands on all four in this matter and amplifies applicant's proposition

that the process in which the state has errantly violated applicant's due-process procedural & substantive rights.

Accordingly, in "Sharp", the court stated in Haec Verba: jurisdiction is conferred upon the trial court by the filing of an indictment. It is the filing of an indictment, (as in Rule 3[c]) not it's reading which vests the trial courts with jurisdiction. Citing Santons V. State, 834 S.W. 2D at 953 (Tex. App. 1992.) Furthermore, in U.S. v. Hill, 210 F.3D 881 (8th Cir. 2000) that court stated in relevant part, the filing of a valid indictment is a prerequisite to the court's jurisdiction ID at 884. This prerequisite is also mandated in the state of S.C. pursuant to Sec. 5, Art. 1. of the Constitution.

However, there is not any sufficient justification for upsetting long-standing precedent here. We are, after all, dealing with an issue of statutory interpretation and the claim to adhere to case law is generally powerful once a decision has settled statutory meaning. See, Patterson V. McLean Credit Union, 491 U.S. 164, 172-73 (1989.)

Nevertheless, it is a fundamental concept of "law" that the circuit court cannot promulgate it's own court rules because in both circumstances the province of our legislators would be invaded and our constitution would become "void".

Applicant contends that pursuant to the precedents set forth in Anderson & Jones as well as in Rule 3[c] stands on all four that the egregious official conduct

in this case, thus far, is arbitrary in the constitutional sense.

Confessedly, the core of the concept of due-process procedural and substantive is protection against arbitrary action of government, quoting Wolff v. McDannel, 418 U.S. 539, 558, 94 S.CT. 2963, 41 L.ED 2D. 935 (1974) and only the most egregious official conduct can be said to be arbitrary in the constitutional sense.

Applicant respectfully directs this court's attention to the following supreme court precedents: The Supreme Court has concluded that a state court decision is contrary to clearly established supreme court precedent when the state court arrives at a conclusion opposite to that reached by the supreme court on question of law, or the state court decides a case differently the court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 413 (2000.)

A state court decision rests on an unreasonable application of clearly established supreme court precedent when the court identifies the correct governing legal principle from the court's decisions, but unreasonably applies that principle to the prisoner(s) case. ID see Bell v. Jarvis, 236 F.3D 149, 158, 163 (4th cir. 2000) En.banc. cert. denied. 1225 CT. 74 (2001.)

Nevertheless, the 14th Amendment forbids the government to infringe foundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest.

Washington v. Glucksberg, 521 U.S. 702, 117 S.CT. 2258, 2268, 138 L.ED 2D 772 (1997), quoting Reno v. Flores, 507 U.S. 292, 302, 113 S.CT. 1439, 123 L.ED 2D (1993.) Ellipsis in original, Herndon v. Chapel Hill Carrboro City Board of Education, 89 F.3D 174, 177 (4th Cir. 1996), cert. denied — U.S. — 117 S.CT. 949, 136 L.ED 2D 837 (1997.)

Moreover, the law requires the presentment of a grand jury as a condition precedent to the trial of a crime. The grand jury being constituent of the court and without it's proper presentment the court has no jurisdiction of the case. State v. Hann, 196 S.C. 211, 12 S.E. 2D 720, 725 (1940.)

   State v. Bynes, 304 S.C. 65, 403, S.E. 2D 126 (S.C. App. 1991)
   State v. Lazarus, 83 S.C. 215, 65, S.E. 2D 270 (1909)

   Pringle v. State, 287 S.C. 409, 339 S.E. 2D 127 (1986)

Therefore, and because of these egregious procedural errors, the circuit court lacks jurisdiction over this matter.