STATE OF SOUTH CAROLINA

IN THE COURT OF APPEALS

Appeal from Colleton County

Carmen T. Mullen, Circuit Court Judge

THE STATE,

            RESPONDENT,

V.

ANTHONY L. BROWN,

            APPELLANT

FINAL <u>ANDERS</u> BRIEF OF APPELLANT

ROBERT M. PACHAK
Appellate Defender

South Carolina Commission on Indigent Defense
Division of Appellate Defense
PO Box 11589
Columbia, S. C. 29211-1589
(803) 734-1343

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. 1

TABLE OF AUTHORITIES ....................................................................................... 2

STATEMENT OF ISSUE ON APPEAL ..................................................................... 3

STATEMENT OF THE CASE .................................................................................... 4

ARGUMENT ................................................................................................................ 5

CONCLUSION ............................................................................................................. 6

PETITION TO BE RELIEVED AS COUNSEL ......................................................... 7

CERTIFICATE OF COUNSEL .................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969) ........................................................ 5

State v. Armstrong, 263 S.C. 594, 211 S.E.2d 889 (1975) ..................................................... 5

State v. Patterson, 278 S.C. 319, 295 S.E.2d 264 (1982) ....................................................... 5

## STATEMENT OF ISSUE ON APPEAL

Whether appellant's guilty plea complied with the mandates set forth in <u>Boykin v. Alabama</u>?

## STATEMENT OF THE CASE

Appellant appeared before the Honorable Carmen T. Mullen on March 13, 2007, in Colleton County and pled guilty to murder and armed robbery. Respective sentences of forty (40) years and thirty (30) years were imposed.

This appeal follows.

4

## ARGUMENT

<u>Appellant's guilty plea failed to comply with the mandates set forth in Boykin v. Alabama.</u>

Due process of law requires that before a guilty plea can be entered voluntarily and intelligently, a defendant must be advised of his privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. A valid waiver of these rights cannot be presumed from a silent record. <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709 (1969). In <u>State v. Armstrong</u>, 263 S.C. 594, 211 S.E.2d 889 (1975), this Court held that the "essence" of <u>Boykin</u>, was to make the requirements of Rule 11 of the Federal Rules of Criminal Procedure applicable to the states. In <u>State v. Patterson</u>, 278 S.C. 319, 295 S.E.2d 264 (1982), this Court held that for there to be a valid waiver under the due process clause of the three constitutional rights listed in <u>Boykin</u>, the record must clearly establish it.

In <u>Boykin</u>, <u>supra</u>, the U.S. Supreme Court held that trial courts were mandated to use the utmost solicitude when canvassing a guilty plea to insure that the plea was given freely and voluntarily with a full knowledge of the circumstances surrounding the plea and the attendant waiver of right occurring with the guilty plea.

While appellant was advised of the right to a jury trial he was never told that if he went to trial a jury verdict would have to be unanimous to convict him and the verdict would have to be based on evidence beyond a reasonable doubt.

## CONCLUSION

Appellant's guilty plea should be vacated.

Respectfully submitted,

*Robert M. Pachak*
Robert M. Pachak
Appellate Defender

ATTORNEY FOR APPELLANT

This 6th day of September, 2007.

STATE OF SOUTH CAROLINA

IN THE COURT OF APPEALS

Appeal from Colleton County

Carmen T. Mullen, Circuit Court Judge

THE STATE,

RESPONDENT,

V.

ANTHONY L. BROWN,

APPELLANT

PETITION TO BE RELIEVED AS COUNSEL

Counsel for Anthony L. Brown states:

1. He is Appellate Defender for the South Carolina Office of Appellate Defense, and was appointed to represent appellant.

2. He has reviewed the record of appellant's trial before Judge Carmen T. Mullen, which was held on 3-23-07, and, in his opinion, the appeal is without legal merit sufficient to warrant a new trial.

3. He has, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), briefed an arguable legal issue which arose during the course of the trial.

WHEREFORE, he asks the Court to relieve him as counsel for Anthony L. Brown.

Respectfully submitted,

Robert M. Pachak
Appellate Defender

ATTORNEY FOR APPELLANT

This 6th day of September, 2007.                    7

## CERTIFICATE OF COUNSEL

The undersigned certifies that this Final Brief complies with Rule 211(b), SCACR.

September 6th, 2007

Robert M. Pachak
Appellate Defender

S.C. Commission on Indigent Defense
Division of Appellate Defense
1330 Lady Street, Suite 401
Post Office Box 11589
Columbia, South Carolina 29211-1589

8

STATE OF SOUTH CAROLINA

IN THE COURT OF APPEALS

Appeal from Colleton County

Carmen T. Mullen, Circuit Court Judge

THE STATE,

RESPONDENT,

V.

ANTHONY L. BROWN,

APPELLANT

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the Final <u>Anders</u> Brief of Appellant in the above referenced case has been served upon Salley W. Elliot, Esquire, at Rembert Dennis Building, 1000 Assembly Street, Room 519, Columbia, SC 29201; and a copy of the Final <u>Anders</u> Brief of Appellant and Record on Appeal has been served on Anthony L. Brown, #251490 at Perry Correctional Institution, 430 Oaklawn Road, Pelzer, SC 29669 this 6th day of September, 2007.

_____
Robert M. Pachak
Appellate Defender

ATTORNEY FOR APPELLANT

SUBSCRIBED AND SWORN TO before me
this 6th day of September, 2007.

____Felicia K Bunn____(L.S.)
Notary Public for South Carolina

My Commission Expires: __August 15, 2010__ .