| | |
|---|---|
| State of South Carolina, ) | In the Court of Common Pleas. |
| County of Colleton. ) | Case No. 2008-CP-15-1038. |
| Anthony L. Brown, #251490, ) | |
| Applicant, ) | Order. |
| v. ) | |
| The State of South Carolina, ) | |
| Respondent. ) | |

This matter comes before the Court upon a petition for Post Conviction Relief filed by the Petitioner, Mr. Anthony Lamar Brown, alleging ineffective assistance of counsel. Mr. J.D. Bryan of the Colleton County bar was appointed to represent Mr. Brown.

Based upon the transcript of the trial, exhibits, and testimony at the hearing, the Court makes the following *Findings of Fact:*

1.    On July 19, 2005, the Applicant pled guilty to murder in Indictment 04-GS-15 -420 and for armed robbery in 04-GS-15 -421. Previously, the jury had been selected to try these charges.

2.    At the PCR hearing, the Applicant testified under oath that he had named several witnesses to his trial counsel, and that the trial counsel had not subpoenaed these witnesses. He also testified that he was not informed about the meaning of reasonable doubt, nor was he informed that the burden of proof that the State would have to meet at the trial of the case was proof beyond a reasonable doubt. The Applicant testified that had he been informed of the burden of proof on the part of the State, to wit: the requirement that the State prove its case beyond a reasonable doubt, the applicant would not have pled guilty and would have proceeded to trial. Significantly, the Applicant's testimony relating to not being informed of the State's

burden of proof to prove its case beyond a reasonable doubt was uncontradicted by the State's witnesses, the transcript of the plea, or any witnesses or evidence before this Court.

*The Court makes the following conclusions of law:*

1. A postconviction relief applicant is entitled to relief based on ineffective assistance of trial counsel if he can establish that counsel's performance was deficient and that this deficiency prejudiced his defense.[1]

2. A defendant who pleads guilty on the advice of counsel may collaterally attack the plea by showing that (1) counsel was ineffective, and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty.[2] The importance of the issue of the burden of proof in a criminal case is most clearly shown by the case of *Dandy v. State*[3] in which our state's Supreme Court set aside the conviction of an applicant because his trial counsel had not objected to the burden-shifting charge of the Court on the issue of self-defense in a trial for Assault and Battery of a High and Aggravated Nature.

3. Here the evidence of the Applicant is uncontradicted that Counsel was deficient in not informing the applicant of the State's burden of proof, a critical aspect of criminal jurisprudence in the State of South Carolina. Likewise, the testimony of the Applicant is uncontradicted that the applicant would have proceeded to trial had he known of the State's burden of proof.

*Wherefore,* this Court grants the Petition for Post-Conviction Relief, vacates the conviction and sentences, and remands these charges to the Court of General

---

[1] *Grier v. State*, 299 S.C. 321, 384 S.E.2d 722 (1989).
[2] *Johnson v. Catoe*, 336 S.C. 354, 520 S.E.2d 617 (1999)
[3] *Dandy v. State*, 301 S.C. 303, 391 S.E. 2d 581 (1990),

Page 2.

Sessions for retrial.

*And it is so Ordered.*

..................................
Perry M. Buckner, Fourteenth Circuit Court.

At ...................................., South Carolina, this .......... day of September, 2010.