| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF COLLETON ) | 2008-CP-15-1038 |
| Anthony Lamar Brown, #251490, ) | |
| Applicant, ) | |
| v. ) | **ORDER OF DISMISSAL** |
| State of South Carolina, ) | |
| Respondent. ) | |

This matter comes before the Court by way of an application for post-conviction relief (PCR) filed November 6, 2008. The Respondent made its Return on March 20, 2009. An evidentiary hearing into the matter was convened on September 3, 2010 at the Colleton County Courthouse. The Applicant was present at the hearing and was represented by J.D. Bryan, Esquire. Matthew J. Friedman, Esquire, of the South Carolina Attorney General's Office represented the Respondent.

Applicant testified on his own behalf at the PCR hearing. Applicant's plea counsel, Kenneth Tootle, Esquire, testified at the hearing. Jamal Washington and Leonard Stanfield also testified at the hearing. This Court had before it the records of the Colleton County Clerk of Court, Applicant's records from the South Carolina Department of Corrections, the Record on Appeal, the Final <u>Anders</u> Brief, the Court of Appeals' Opinion dismissing the direct appeal, the Remittitur dated July 29, 2008, the PCR application, and Respondent's Return thereto.

## **PROCEDURAL HISTORY**

The Applicant is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Colleton County. The Applicant was indicted at the July 2004 term of the Colleton County Grand Jury for murder (2004-GS-15-420)

and armed robbery (2004-CP-15-421). Kenneth L. Tootle, Esquire, represented the Applicant. On March 13, 2007, the Applicant pled guilty as indicted. Pursuant to a negotiated plea agreement, the Honorable Carmen T. Mullen sentenced the Applicant to confinement for forty (40) years for murder and thirty (30) years for armed robbery. The sentences were to run concurrently.

A timely Notice of Appeal was filed on Applicant's behalf and an appeal was perfected. Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The South Carolina Court of Appeals dismissed the appeal. State v. Brown, Op. No. 2008-UP-365 (S.C. Ct. App. filed July 11, 2008). The Remittitur was issued July 29, 2008.

## ALLEGATIONS

The Applicant alleges he is being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel in that counsel
   a. Failed to subpoena witnesses known at the time of the guilty plea.
   b. Failed to properly investigate and interview witnesses.
   c. Failed to suppress insufficient warrants/indictments and Grand Jury panel.
   d. Failed to communicate.
   e. Failed to advise defendant of rights/consequences of pleading guilty.
   f. Failed to make specific Brady requests that violated due process.
   g. Knowingly and willfully withheld evidence that deprived Applicant of his right to due process.
   h. Performance fell below an objective standard of reasonableness.
   i. Failed to comply with mandate set forth in advising the voluntariness of guilty plea phase.

2. Prosecutorial misconduct in that prosecution failed to disclose agreements made by co-defendants and witnesses.

3. Plea judge abused discretion in failing to ensure that Applicant's plea was freely and voluntarily entered and failing to give Applicant a complete competency test.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

Applicant testified that he met with counsel about three or four times prior to the plea. He asserted that he told counsel about several potential witnesses, including Jamal Washington, Leonard Stanfield, Jermaine Glover, and Leslie Taylor. He testified that these witnesses would have testified that the victim's family was going to blame Applicant even though they did not know who killed her. Applicant asserted that counsel hired a private investigator, but the investigator did not find out anything.

Jamal Washington testified that he used to work with Applicant at the company that was robbed. He asserted that the victim's husband and son approached him a few days after the murder to see if he had anything to do with it or if he had seen Applicant.

Leonard Stanfield testified that he was in jail with one of Applicant's co-defendants, Anthony Terez Brown. He asserted that he overheard a conversation between Anthony Terez Brown and someone else, but Applicant's name was not mentioned.

Plea counsel testified that he represented Applicant for about two to two and a half years. He testified that Applicant gave him the names and they were able to locate most of these witnesses. Counsel asserted that they were trying to establish an alibi defense that Applicant was

3

with his girlfriend or his grandmother at the time of the murder, but they could not locate his girlfriend and they could not substantiate that he was with his grandmother at the time of the murder as there was an open window of time. Counsel asserted that there was not sufficient physical evidence to convict Applicant, but the three co-defendants would have testified against Applicant at trial and it would have been an emotional trial based on the horrendous crime scene.

Counsel testified that the State made an offer for forty (40) years before trial. He asserted that the offer was still on the table when they selected a jury. After the jury was drawn, Applicant informed counsel that he wanted to plead guilty. Counsel testified that he explained the significance of a negotiated sentence and the consequences of pleading guilty. Counsel testified that he was prepared to go to trial if Applicant had elected to continue with the trial.

### Ineffective Assistance of Counsel

The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 625. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997).

This Court finds that Applicant's testimony was not credible while also finding counsel's testimony was credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicant's version of the facts, and possible defenses or lack thereof.

The record reflects that Applicant understood the nature of the charges and the possible punishments. At the plea hearing, he indicated that he was satisfied with counsel and that no one threatened him or promised him anything to get him to plead guilty. He admitted guilt at the plea hearing. This Court finds that Applicant's plea was entered voluntarily and intelligently with a full understanding of the consequences. This Court finds that Applicant understood the terms of the negotiated sentence and that it was Applicant's decision to plead guilty.

Regarding Applicant's claims of ineffective assistance of counsel, this Court finds Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation

5

that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in his representation. This Court finds that counsel properly reviewed the evidence with Applicant, informed Applicant of the applicable sentencing ranges for these offenses, and explained the consequences of the plea to Applicant. This Court finds that counsel obtained a favorable result for Applicant considering that Applicant was facing exposure of confinement for life plus thirty (30) years. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that counsel properly contacted the witnesses that Applicant provided to him. Counsel testified that none of the witnesses could substantiate an alibi defense for Applicant. This Court finds that counsel was not ineffective for failing to subpoena witnesses for the guilty plea hearing. Counsel would have subpoenaed any witnesses that he believed were necessary for trial if Applicant had elected to go to trial.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of written notice of entry of this Order to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely served and filed.

*#7*
*PnlS*

**IT IS THEREFORE ORDERED:**

1. That the application for post-conviction relief be denied and dismissed with prejudice; and
2. That the Applicant be remanded to the custody of the Respondent.

**AND IT IS SO ORDERED** this __18__ day of __November__, 2010.

_____
Perry M. Buckner
Presiding Judge
14th Judicial Circuit

__Walterboro__, South Carolina.