| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF COLLETON ) | 2008-CP-15-1038 |
| ) | |
| Anthony Lamar Brown, #251490, ) | |
| Applicant, ) | |
| v. ) | AMENDED ORDER OF DISMISSAL |
| State of South Carolina, ) | |
| Respondent. ) | |

This matter comes before the Court by way of Applicant's Motion to Alter or Amend pursuant to Rule 59, SCRCP, dated November 30, 2010. This Court issued an Order of Dismissal dated November 18, 2010 and filed on November 22, 2010. This Amended Order of Dismissal will supplement this Court's prior Order of Dismissal.

The Applicant contends that certain allegations raised at the evidentiary hearing were not adequately addressed in the Order of Dismissal, specifically ineffective assistance of counsel in that counsel did not explain the meaning of reasonable doubt and failed to inform Applicant that the State would have to prove its case beyond a reasonable doubt. This Court will now address the allegations.

This Court has considered Applicant's allegations of ineffective assistance of counsel in that counsel did not explain the meaning of reasonable doubt and failed to inform Applicant that the State would have to prove its case beyond a reasonable doubt. This Court finds that counsel properly explained to Applicant the elements of each offense and what the State was required to prove. Moreover, the plea court put on the record that the State was required to prove Applicant's guilt beyond a reasonable doubt. This Court finds that counsel informed Applicant

of his constitutional rights, including his right to a jury trial. In fact, Applicant proceeded to trial and then elected to plead guilty. This Court finds that Applicant has failed to meet his burden of showing that counsel was deficient; thus, all allegations regarding ineffective assistance of counsel are hereby denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes Applicant has not established any constitutional violations or deprivations before or during his plea and sentencing proceedings. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Thus, the application must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of written notice of entry of this Order to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely served and filed.

IT IS THEREFORE ORDERED:

1. That the application for post-conviction relief be denied and dismissed with prejudice; and
2. That the Applicant be remanded to the custody of the Respondent.

AND IT IS SO ORDERED this __17__ day of __December__, 2010.

Perry M. Buckner
Presiding Judge
14th Judicial Circuit

__Walterboro__, South Carolina.

2