STATE OF SOUTH CAROLINA

IN THE SUPREME COURT

Certiorari to Colleton County

Perry M. Buckner, Circuit Court Judge

ANTHONY LAMAR BROWN,

                                              PETITIONER,

V.

STATE OF SOUTH CAROLINA,

                                              RESPONDENT

<u>JOHNSON</u> PETITION FOR WRIT OF CERTIORARI

                ROBERT M. DUDEK
                Chief Appellate Defender

                South Carolina Commission on Indigent Defense
                Division of Appellate Defense
                PO Box 11589
                Columbia, SC 29211-1589
                (803) 734-1343

                ATTORNEY FOR PETITIONER

# INDEX

INDEX ...................................................................................................................................1

ISSUE PRESENTED ............................................................................................................2

STATEMENT ........................................................................................................................3

ARGUMENT..........................................................................................................................6

CONCLUSION ......................................................................................................................8

PETITION TO BE RELIEVED AS COUNSEL...................................................................9

## ISSUE PRESENTED

Whether defense counsel was ineffective for advising petitioner to plead guilty because it "would have been an emotional trial based on the horrendous crime scene," and because anyone accused of the crime would be convicted, and where petitioner's grandmother could provide an alibi but not an absolute alibi, since each reason for advising petitioner to plead guilty constituted deficient performance, and was prejudicial since petitioner wanted to go to trial?

## STATEMENT

Petitioner was indicted at the July 19, 2004 term of the Colleton County Grand Jury for the offenses of murder and armed robbery. App. 90-93. He appeared on March 13, 2007 before the Honorable Carmen T. Mullen, and a jury. Kenneth L. Tootle represented petitioner. Terry K. Alexander was the assistant solicitor. App. 1-2. Petitioner ultimately pled guilty after jury selection. App. 4, l. 2 – 12, l. 6.

Petitioner was arrested in this murder and armed robbery case along with April Hampton, Ray Nelson, and Anthony Terez Brown. App. 14, ll. 13-22. The solicitor told the judge at the guilty plea proceeding that two of the co-defendants claimed petitioner carried the murder weapon "into the place of business." App. 16, ll. 5-12. The judge sentenced petitioner to the forty year negotiated sentence for murder, and thirty years imprisonment, concurrent, for armed robbery. App. 23, l. 17 – 24, l. 10.

Petitioner filed an application for post-conviction relief on December 1, 2008. App. 26-29. Petitioner alleged his attorney's performance "fell below an objective standard of reasonableness . . ." App. 28.

The State filed a return dated March 20, 2009 requesting an evidentiary hearing. App. 32-37. An evidentiary hearing was convened on September 3, 2010 before the Honorable Perry M. Buckner, III. J. D. Bryan now represented petitioner. Matthew Friedman was the Assistant Attorney General. App. 38.

Petitioner testified that his grandmother would have provided him an alibi at trial. App. 48, l. 10 – 49, l. 1. His attorney would mostly agree with that statement. Nonetheless, petitioner said his

grandmother and other witnesses were not subpoenaed by trial counsel. App. 49, ll. 4-9; app. 52, ll. 12-17.

Petitioner also called Jamal Washington as a witness. Petitioner said the victim's family approached him a couple of days after the murder and it appeared that they had already decided to blame the murder on petitioner. App. 53, l. 19 – 54, l. 21.

Defense Counsel Kenneth Tootle testified he had a private investigator trying to establish the alibi of petitioner with his grandmother or his girlfriend. "He lived with his grandmother, a wonderful woman." App. 62, l. 12 – 63, l. 2. Defense counsel added "we did substantiate that he was with his grandmother." App. 63, ll. 2-3. However, defense counsel claimed as to the alibi of petitioner's grandmother: "[T]here would be window open there of time. His grandmother remembered specifically and was able to give us the time that Anthony Lamar Brown was with her, because she watches certain television shows and she said, 'Well, this particular show was on,' which if I recall, would have placed it somewhere around 11:30." App. 65, l. 22 – 66, l. 2.

Defense counsel said the physical evidence would *not* have been enough to convict petitioner, but he maintained:

> *It doesn't matter who would have been accused when they see this poor woman with blood running down her and blood on the little baby children. She had two little children there. The crime scene itself was a horrendous picture.* So the evidence would have substantiated that this woman was murdered, talking about physical evidence. The pictures, the other evidence that could have been presented was very prejudicial. It was very emotionally impacting. And then, if Mr. Brown was tied to that through the testimony of the other three co-defendants, I'm afraid that there would have no way for us to prevail.

App. 67, ll. 6-16. (emphasis added).

4

Defense counsel also offered that after practicing law for thirty-five years, "this was, without a doubt, the worst jury that I have ever drawn . . ." App. 67, l. 17 – 68, l. 17.

An order of dismissal dated November 18, 2010 was issued. App. 76-83. This order stated "counsel asserted there was not sufficient physical evidence to convict applicant, but the three co-defendants would have testified against applicant at trial and it would have been an emotional trial based on the horrendous crime scene." App. 79. The order was incorrect wherein it stated: "Counsel testified that none of the witnesses could substantiate an alibi defense for applicant." App. 81. The order concluded that "the applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the applicant." App. 81.

From this order petitioner is seeking a writ of certiorari pursuant to Rule 227 of the SCACR.

ARGUMENT

<u>Defense counsel was ineffective for advising petitioner to plead guilty because it "would have been an emotional trial based on the horrendous crime scene," and because anyone accused of the crime would be convicted, and where petitioner's grandmother could provide an alibi but not an absolute alibi, since each reason for advising petitioner to plead guilty constituted deficient performance, and was prejudicial since petitioner wanted to go to trial.</u>

Defense counsel acknowledged advising petitioner to plead guilty because he did not think anyone accused of the crime could be acquitted. When a defendant's guilt or innocence *is no longer a factor in defense counsel's advice regarding whether to plead guilty* there has been a tremendous breakdown in the system. <u>Nance v. State</u>, 367 S.C. 547, 626 S.E.2d 878 (2006). The bottom line is counsel reasoned that they had a bad jury, and the horrendous crime scene rendered petitioner's guilt or innocence meaningless.

Counsel also stated that petitioner's mother did not provide an airtight alibi. Nonetheless, petitioner's grandmother did provide him with an alibi. Since it is undisputed that petitioner's mother provided an alibi, as both defense counsel and petitioner agreed, her testimony was not needed at the PCR hearing. Cf. <u>Glover v. State</u>, 318 S.C. 496, 458 S.E.2d 538 (1995).

As seen, defense counsel testified that this was a horrific crime and that anyone accused of this crime would be convicted. He also complained that he drew a bad jury. See, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

Defense counsel reasoning that anyone accused of the murder in this case would be convicted, and therefore he advised petitioner to plead guilty may be, and hopefully is, a case of first impression. Advising a client to plead guilty should be based upon the evidence and not the mere

6

accusation itself. Defense counsel in this case was ineffective and petitioner's guilty plea should be vacated.

## CONCLUSION

By reason of the foregoing arguments, the petition for writ of certiorari should be granted.

Respectfully submitted,

_____
Robert M. Dudek
Chief Appellate Defender

ATTORNEY FOR PETITIONER

This 13th day of January, 2012.

STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

CERTIORARI TO COLLETON COUNTY
PERRY M. BUCKNER, CIRCUIT COURT JUDGE

ANTHONY LAMAR BROWN,

PETITIONER,

V.

STATE OF SOUTH CAROLINA,

RESPONDENT

PETITION TO BE RELIEVED AS COUNSEL

Counsel for Anthony Lamar Brown states:

1. He is an Chief Appellate Defender for the South Carolina Office of Appellate Defense and was appointed to represent petitioner.

2. He has reviewed the records and transcript of petitioner's post-conviction relief hearing which was held on September 3, 2010, and in his opinion seeking certiorari from the order of dismissal is without merit.

3. He has, pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), briefed the one arguable legal issue which arose during the post-conviction relief process.

Therefore, counsel requests that the Court relieve him as counsel for Anthony Lamar Brown.

Respectfully submitted,

_____
Robert M. Dudek
Chief Appellate Defender
ATTORNEY FOR PETITIONER

This 13th day of January, 2012

9

STATE OF SOUTH CAROLINA

IN THE SUPREME COURT

---

Certiorari to Colleton County

Perry M. Buckner, Circuit Court Judge

---

ANTHONY LAMAR BROWN,

PETITIONER,

V.

STATE OF SOUTH CAROLINA,

RESPONDENT

---

CERTIFICATE OF SERVICE

---

I certify that a true copy of the <u>Johnson</u> petition for writ of certiorari and a copy of the appendix in this case have been served on Matthew J. Friedman, Esquire and Anthony Lamar Brown, #251490, at Broad River Correctional Institution this 13th day of January, 2012.

_____
Robert M. Dudek
Chief Appellate Defender

ATTORNEY FOR PETITIONER

SWORN TO BEFORE ME this 13th day of January, 2012.

_____(L.S.)
Notary Public for South Carolina

My Commission Expires: May 16, 2021.